IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN DICKENS, #41147-050   :

   v.   :   Civil Action No. DKC 13-0795

TIMOTHY STEWART   :

**MEMORANDUM OPINION**

Petitioner Brian Dickens, a self-represented federal inmate, commenced this action on March 14, 2013, by filing a motion for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking credit on his federal sentence for time served in state custody from December 2, 2005, to December 1, 2006. (ECF No. 1). Instead of simply responding to the petition, Respondent Timothy Stewart, Warden of FCI Cumberland, filed a consolidated opposition and motion to dismiss or, in the alternative, for summary judgment, attaching verified exhibits in support. (ECF No. 4). Petitioner opposed that motion (ECF No. 8) and Respondent filed a reply (ECF No. 31). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons the follow, the petition will be denied.[1]

---

[1] On September 17, 2013, Petitioner filed a motion for leave to file supplemental papers. (ECF No. 9). That motion is unopposed and will be granted. On the same date, he filed a

## I. Background

Petitioner, a federal inmate presently housed at the Federal Correctional Institution in Cumberland, Maryland, challenges the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, he contends that the BOP improperly denied him prior custody credit for time he spent in jail in Camden, New Jersey, from December 2, 2005, to December 1, 2006. As relief, he asks that this time be credited against his federal sentence. Respondent argues that Petitioner's sentence has been computed properly and that granting the relief he seeks would constitute an impermissible double counting of credits.

On April 26, 2005, Petitioner was arrested by police in Camden, New Jersey, for possession of controlled substances,

---

motion for discovery. (ECF No. 12). A federal habeas petitioner must demonstrate good cause before he will be permitted to conduct discovery. *See Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009). That showing "must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Id*. (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Pursuant to Federal Rule of Civil Procedure 56(d), moreover, a party seeking discovery in order to respond to a properly supported motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Such affidavit "must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 Fed.Appx. 177, 178 (4th Cir. 2011) (citing *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Petitioner has failed to make the requisite showing with respect to either of these standards. Accordingly, the motion for discovery will be denied.

*i.e.*, cocaine base. (ECF Nos. 4-2 ¶ 3 (Ex. 1 ¶ 3); 4-4 (Ex. 1, Attach. 2)).[2] On April 28, 2005, he was released on bail. *Id*. On November 28, 2005, a federal agent swore out a criminal complaint charging Petitioner with conspiracy to distribute and possess with intent to distribute crack cocaine between August 24 and October 10, 2005. (ECF Nos. 4-13 (Ex. 2); 13-2(Ex. 6)). The complaint was placed under seal. On December 2, 2005, Petitioner was again arrested by Camden police, this time for conspiracy to possess with intent to distribute cocaine base. (ECF Nos. 4-2 ¶ 3 (Ex. 1 ¶ 3); 4-4, at 4 (Ex. 1, Attach. 2, at 4)). New Jersey correctional records demonstrate that Petitioner was committed to the Camden County Jail on the same date (ECF No. 4-4, at 5 (Ex. 1, Attach. 2, at 5)) and New Jersey court records show that his arrest by state authorities took place on December 2, 2005 (ECF No. 4-8, at 2 (Ex. 1, Attach. 6, at 2)).

On January 31, 2006, Petitioner made an initial appearance before United States Magistrate Judge Ann Marie Donio, having been brought to federal court on a writ of *habeas corpus ad prosequendum*. (ECF No. 13-4 (Ex. 4)).[3] An order of detention

---

[2] Because Petitioner is incarcerated, citations are to both the electronic and paper records.

[3] The court may take judicial notice of the records of the New Jersey federal court. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

was entered and a preliminary exam was set for February 10, 2006, but, on February 8, a grand jury sitting in the District of New Jersey returned an indictment charging Petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base on or about September 19, 2005. (ECF No. 4-14 (Ex. 3)). New Jersey state authorities again permitted federal officers to "borrow" Petitioner pursuant to writs of *habeas corpus ad prosequendum* on February 14 (for arraignment), May 26 (plea), and December 1, 2006 (sentencing) related to the pending federal charges. (ECF Nos. 4-2 ¶ 4 (Ex. 1 ¶ 4); 4-15 (Ex. 4)).

On May 26, 2006, in the United States District Court for the District of New Jersey, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine on September 19, 2005. On December 1, 2006, he was sentenced to a term of imprisonment of 168 months to be followed by a five-year term of supervised release. (ECF Nos. 4-2 ¶ 4 (Ex. 1 ¶ 4); 4-6, at 6 (Ex. 1, Attach. 4, at 6)).

Petitioner entered guilty pleas in state court on January 12, 2007, and was sentenced, on March 2, 2007, to a term of imprisonment of thirteen years to run concurrently with his federal sentence. (ECF Nos. 4-2 ¶ 6 (Ex. 1 ¶ 6); 4-8 (Ex. 1, Attach. 6)). Significantly, for present purposes, the state

4

court awarded 454 days of pre-trial custody credit to Petitioner against his state sentence for the time period from December 3, 2005,[4] to March 1, 2007. (*Id.*).

## II. Analysis

Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General and is exercised through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). A federal sentence to a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

---

[4] The BOP awarded prior custody credit for October 12, 2005, and December 2, 2005. (ECF Nos. 4-2 ¶ 7 (Ex. 1 ¶ 7); 4-3, at 4 (Ex. 1, Attach. 1, at 4)).

5

18 U.S.C. § 3585(b) (emphasis added); *see also Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time"); *United States v. Brown*, 977 F.2d 574, 1992 WL 237275 (4th Cir. 1992) (Table) (holding that a defendant may not receive credit against his federal sentence for prior custody time that has been credited against another sentence).

### A. Primary Jurisdiction

Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. *See United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining the principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)). Where a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Evans*, 159 F.3d at 912.

When a state exercises primary jurisdiction over a defendant, issuance of a detainer or a writ of *habeas corpus ad prosequendum* by federal authorities does not change the defendant's primary jurisdiction status. *See Thomas v. Whalen*,

962 F.2d 358, 358-60 (4th Cir. 1992). The writ of *habeas corpus ad prosequendum* specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and, thereafter, to return the defendant to state custody to continue serving the state sentence. *Id*. at 358 n. 3. "Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." *Evans*, 159 F.3d at 912.

Here, New Jersey obtained primary jurisdiction over Petitioner as the first arresting sovereign on April 28, 2005. While on bond for the state charges, Petitioner was arrested again by Camden police on December 2, 2005. His subsequent transports to federal authorities for the purpose of attending proceedings in federal court have no effect on jurisdictional priority. *See Thomas*, 962 F.2d at 361 n. 3 ("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities"). Petitioner's contention that federal authorities exercised primary jurisdiction over him while he was at the Camden jail because he was arrested "by agents of a joint federal and state law enforcement task force" (ECF No. 8, at 1), does not alter the analysis. Indeed, his assertion of primary federal jurisdiction during the time period

7

at issue is directly contradicted by the record and the course of conduct of state and federal authorities. (ECF Nos. 1, Petition, at 13-14 (acknowledging arrests made by Camden police); 4-14 (Ex. 4) (writs of *habeas corpus ad prosequendum*); 4-4, at 4 (Ex. 1, Attach. 2, at 4) (showing release to U.S. Marshal Service on January 19, 2007)). These records clearly demonstrate that Petitioner was in state custody when he was "borrowed" by federal authorities on writs of *habeas corpus ad prosequendum* to appear on federal charges.

**B. Credit for Time Served Awarded by State Court**

After his guilty plea and sentencing in federal court, and while he remained under the state's primary jurisdiction, Petitioner pleaded guilty to CDS possession and related charges in New Jersey state court. (ECF Nos. 1, at 13-14; 4-8 (Ex. 1, Attach. 6)). At sentencing, the state court expressly credited Petitioner's state sentence with the time he spent in custody from December 3, 2005, through December 1, 2006. Thus, crediting Petitioner for the same time against his federal sentence, as he now requests, would amount to impermissible double counting.

Petitioner argues that he is entitled to credit against his federal sentence because, at the time his federal sentence commenced (*i.e.*, on January 19, 2007) he had not yet been sentenced in state court and, thus, had not received credit for

8

the earlier custody. The BOP sentence computation manual specifically states, however, that the issue of credit for prior custody is not so restricted. The manual provides, in relevant part:

> [I]f a state sentence is imposed, either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentence for time spent in state custody in connection with the state offense and ISM staff need make no further inquiry about it unless the inmate claims that no state credit was, or will be, given.

BOP Sentence Computation Manual, program statement 5880.28, at p. 1-24A(f). Thus, the fact that Petitioner was sentenced in federal court prior to imposition of his state sentence is of little consequence. Insofar as he had, at the time of sentencing in federal court, pleaded guilty in state court and was pending sentencing, the BOP could assume that he would receive credit against the state sentence, which he eventually did.

### C. Retroactive Designation

Under certain circumstances, a federal sentence may commence prior to the date federal authorities gain physical custody of the defendant. *See* 18 U.S.C. § 3621(b) (the BOP has the authority to designate the place of a prisoner's confinement); *Barden v. Keohane*, 921 F.2d 476, 480-83 (3d Cir.

1990) (a federal sentence may commence for a defendant who is already in state custody if the BOP or Attorney General agrees to designate a state facility for service of the federal sentence).[5] Thus, where a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made whereby the BOP designates a state facility as the place for service of a federal sentence. *See Evans*, 159 F.3d at 911-12. Although the BOP must consider a prisoner's *nunc pro tunc* request, it is not obligated to grant such a request. *See Barden*, 921 F.2d at 478; *see also Trowell v. Beeler*, 135 Fed.Appx. 590, 595 (4th Cir. 2005) (holding that the BOP "must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court").

On July 27, 2011, Petitioner requested that the BOP designate *nunc pro tunc* Camden County Jail as the place for his federal detention so that his time there could be credited toward his federal sentence. In response, the BOP sent a letter

---

[5] The BOP is vested with broad discretion in determining where to house prisoners based on five factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (a) concerning the purposes for which the sentence of imprisonment was determined to be warranted, or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 18 U.S.C. § 994(a)(2). *See* 18 U.S.C. § 3621(b).

10

to the federal judge who sentenced Petitioner asking for the court's position on re-designation. (ECF No. 4-10, at 2 (Ex. 1, Attach. 8, at 2) (indicating that Petitioner had requested that the BOP "designate the state institution for service of his federal sentence, thereby reducing the total amount of time spent in custody")). The BOP received no response from the court and, on September 27, 2012, it determined that *nunc pro tunc* designation was inappropriate. (ECF No. 4-11 (Ex. 1, Attach. 9)). Petitioner's argument that the BOP's determination in this regard was "arbitrary and capricious" (ECF No. 11, supplemental filing, at 15) lacks merit and provides no basis for relief.

**III. Conclusion**

For the foregoing reasons, the § 2241 petition will be denied.

A petitioner in a *habeas corpus* proceeding has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

11

debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing here. Accordingly, a certificate of appealability shall not issue.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge